Clanty ST. CLAIRE, Plaintiff,

v.

**MID-CONTINENT BARGE LINES CO. et al., Defendants and Third-Party Plaintiffs,**

v.

**MINNESOTA HARBOR SERVICE, INC., Third-Party Defendant.**

No. 3–64–Civ–194.

United States District Court
D. Minnesota,
Third Division.

July 28, 1965.

---

John Cochrane, St. Paul, Minn., for plaintiff.

Clyde Anderson, Minneapolis, Minn., for defendant, Mid-Continent Barge Lines.

Ralph Koenig, St. Paul, Minn., for third-party defendant, Minnesota Harbor Service, Inc.

DEVITT, Chief Judge.

The Court is responsible now for interpreting the special verdict returned by the jury on April 30, 1965 as follows:

"1. Was the vessel involved in this occurrence the barge M.W.T. 107? /YES/

(Yes or No)

2. Was the M.W.T. 107 unseaworthy at the time of the alleged occurrence in any respect? (Answer each Yes or No.)

a. Because of the bent and defective condition of the hatch cover and the gutters affixed thereto: /NO/

b. Because of the bent condition of the hatch cover securing pins: /NO/

c. Because of the bent condition of the hatch cover securing pin sockets: /NO/

d. Because of the inadequate inspection of the vessel prior to the commencement of work upon the vessel: /NO/

e. Because of inadequate supervision upon the vessel during the course of the work: /YES/

f. Because of the use of unsafe and unseaworthy gear in the performance of loading and shipping hatch covers aboard the M.W.T. 107: /YES/

3. If your answer to any of the above, "a" through "f", is "Yes" was such unseaworthiness a proximate cause of plaintiff's injury and damages?

a. Because of the bent and defective condition of the hatch cover and the gutters affixed thereto: /NO/

b. Because of the bent condition of the hatch cover securing pins: /NO/

c. Because of the bent condition of the hatch cover securing pin sockets: /NO/

d. Because of the inadequate inspection of the vessel prior to the commencement of work upon the vessel: /NO/

e. Because of inadequate supervision upon the vessel during the course of the work: /YES/

f. Because of the use of unsafe and unseaworthy gear in the performance of loading and shipping hatch covers aboard the M.W.T. 107: /YES/

4. Was the plaintiff negligent at the time of said occurrence? /NO/

5. If your answer to No. 4 is "Yes", was such negligence a proximate cause of his injuries and damages? /NO/

6. If your answer to No. 5 is "Yes", what percentage of the total cause of the accident was the proximate result of plaintiff's negligence? 0%

7. In what amount was plaintiff injured or damaged as the result of his accident? /$10,000/

DATE: /April 30, 1965/           /JOSEPH M. KELLNER/ "

Foreman

It is to be noted that the jury answered "Yes" to the inquiry as to whether it found M.W.T. 107 unseaworthy,

"e. Because of inadequate supervision upon the vessel during the course of the work;"

and

"f. Because of the use of unsafe and unseaworthy gear in the performance of loading and shipping hatch covers aboard the M.W.T. 107;"

■ Defendant and third-party defendant move for judgment non obstante veredicto on the grounds that there is no evidence to support a finding of unseaworthiness and, at all events, even if there is, such a finding does not occasion liability upon the defendant. We agree.

There was no evidence to support a finding that unsafe and unseaworthy gear was employed. The Court does not interpret Norman Nerlien's testimony in that light. Several witnesses testified that the winch on the land-fixed cleaning barge was not working, and that the M. V. Cree performed transverse moving of the M.W.T. 107 and other barges to be cleaned. But that had no causal relation to the accident and no such claim is made.

■ But assuming some evidence of unseaworthiness as expressed by the jury in its special verdict form, this does not spell out liability upon defendant.

Plaintiff does not claim the M.W.T. 107 was unseaworthy. But urges that, since a ship owner cannot delegate his duty to furnish a seaworthy vessel, the owner here is vicariously liable for Minnesota Harbor's asserted fault in not furnishing adequate supervision of the work and in using unsafe gear. He cites Huff v. Matson Navigation Co., 338 F.2d 205 (9th Cir. 1964), and Reid v. Quebec Paper Sales & Transportation Co., 340 F. 2d 34 (2d Cir. 1965), and also Spann v. Lauritzen, 344 F.2d 204, 205 (3rd Cir. 1965).

These cases do not support liability for unseaworthiness here. They do reflect a modern trend in broadening the scope of liability without fault where modern stevedoring equipment is employed, and criticize the theory of limiting the ship owner's warranty of seaworthiness to only those cases where the equipment involved is that commonly found among the ship's gear.

There is a line of cases which hold, at variance with Huff and Spann, supra, that where defective gear, not part of or adapted to or integrated with, the ship's gear, causes injury, such will not support liability against the ship owner for unseaworthiness. E. g. McKnight v. N. M. Patterson & Sons, 286 F.2d 250 (6th Cir. 1960); Fredericks v. American Export Lines, 227 F.2d 450 (2d Cir. 1955).

■■ It is the ship owner's duty to furnish, not an accident-free ship, but a vessel and appurtenances reasonably fit for their intended use. Morrell v. United States, 297 F.2d 662 (9th Cir. 1961). The owner's warranty of seaworthiness does not extend to negligent use of seaworthy gear by longshoremen or ship's cleaners. Billeci v. United States, 298 F. 2d 703 (9th Cir. 1962).

Here, as stated before, it is not claimed that the ship was unseaworthy—only that the evidence shows inadequate supervision of the work and the use of defective gear. The Court finds no evidence to support a finding of liability on account of the use of defective gear, and concludes that no liability attaches to the defendant because of claimed inadequate supervision of the work.

Indeed, although counsel agreed upon the wording of the form of special verdict submitted to the jury, hindsight may tell us that it was ineptly drawn, and that what the jury was telling us was that it found no evidence of unseaworthiness or fault attributable to the vessel's owners and that the blame, if attributable to persons other than the plaintiff, should be placed upon the plaintiff's employer.

Paraphrasing Judge Medina in Fredericks v. American Export Lines, supra, while " * * * the warranty of seaworthiness has been held by the Supreme Court to cover a pretty wide territory, * * * " no decision has gone so far

as to encompass a situation such as presented here, where a barge cleaning company's day laborer was injured through the fault, if any, of inadequate supervision by his employer on a barge that was admittedly seaworthy and as to which there was no evidence of the use of unsafe gear.

The Court directs the entry of judgment for the defendant and will entertain a further motion in connection with attorneys' fees and expenses.

The plaintiff's motions for additur and for a new trial are denied.